UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 11-1884 DSF (JEMx) | Date | 9/13/12 |
| Title | Nora Villalta v. CEC Entertainment, Inc., et al. | | |

| | |
|---|---|
| Present: The Honorable | DALE S. FISCHER, United States District Judge |

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:**   (IN CHAMBERS) Order to Show Cause re Sanctions for Lack of Prosecution and Failure to Comply with Court Rules and Orders

Defendants filed a motion for summary judgment on August 20, 2012. (Docket No. 21.) The motion indicates that no Local Rule 7-3 conference took place. Defense counsel indicated he wrote to Plaintiff's counsel to request participation in this mandatory conference on July 25, 2012 and that Plaintiff responded on July 27, 2012 that "discussions regarding a motion for summary judgment were premature because Plaintiff desired to complete PMK depositions." Defense counsel also indicated he left a voice mail for Plaintiff's counsel requesting he participate in the conference, "but Plaintiff's counsel did not respond." The summary judgment motion was filed; Plaintiff's opposition was due on August 27, 2012. No opposition was filed.

Plaintiff's counsel has violated L.R. 7-3, as well as this Court's Standing Order, ¶ 7, by refusing to participate in the mandatory L.R. 7-3 conference. It is especially inappropriate for Plaintiff's counsel to do so claiming - on July 27, 2012 - a desire "to complete PMK depositions," as the discovery cut-off date was March 16, 2012. This Court's Order Re Jury Trial made very clear that the discovery cut-off date is "the date by which all discovery, <u>including all hearings on any related motions</u>, is to be completed." (Docket No. 19 at 2.) Nor did Plaintiff's counsel seek a continuance pursuant to Rule 56(d).

In addition, L.R. 7-9 requires that "[e]ach opposing party shall, not later than . . . twenty-one (21) days before the date designated for the hearing of the motion . . . serve

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

upon all parties and file with the Clerk either (a) the evidence upon which the opposing party will rely in opposition to the motion and a brief but complete memorandum . . . or (b) a written statement that the party will not oppose the motion." Plaintiff has failed to file either an opposition to the motion as required in L.R. 7-9(a) or a written statement noting non-opposition as required by L.R. 7-9(b).

Therefore, Plaintiff is ordered to show cause in writing no later than September 26, why he should not be sanctioned in the amount of $250 for his failure to comply with L.R. 7-3 and 7-9 and this Court's Standing Order. Counsel should also advise by September 26 why he did not file an opposition to the motion for summary judgment (to the extent he can do so without revealing privileged information) and why this case should not be dismissed for failure to prosecute. Counsel is ordered to advise his client of this order.

IT IS SO ORDERED.